UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO GONZALEZ,<br>*Defendant*. | No. 3:17-cr-00062 (JAM) |

## ORDER DENYING MOTION FOR RELEASE

Antonio Gonzalez is a prisoner of the Federal Bureau of Prisons ("BOP"). In light of the rapidly spreading coronavirus ("COVID-19"), he moves under 18 U.S.C. § 3582(c)(1)(A) for a reduction of his remaining term of imprisonment. I will deny the motion.

### BACKGROUND

On October 16, 2018, I sentenced Gonzalez principally to a mandatory minimum term of ten years of imprisonment following his guilty plea to a charge of conspiracy to distribute more than a kilogram of heroin. Gonzalez has served less than half his sentence and is scheduled to be released from BOP custody more than five years from now in September 2025.

Gonzalez is 49 years old and has high blood pressure as confirmed by prison medical records that have been filed under seal. Doc. #1022 at 63, 93, 97. The prison medical records also state that Gonzalez has a history of asthma ("Hx Asthma") but state that he is "Within Normal Limits." *Id.* at 63.

Gonzalez is presently incarcerated at FCI Danbury, which is one of the federal prison facilities most impacted by COVID-19.[1] He filed a *pro se* motion for release (Doc. #1018), and

---

[1] *See* Federal Bureau of Prisons, COVID-19 Coronavirus (COVID-19 Cases), https://www.bop.gov/coronavirus/ (last visited June 2, 2020) (reporting 21 inmates and 2 staff members at FCI Danbury now testing positive and one inmate death, compared to 73 inmates and 59 staff members who have recovered).

his counsel has also filed a motion on his behalf (Doc. #1029). The Government opposes Gonzalez's motions (Doc. #1020). The parties do not dispute that Gonzalez has properly exhausted the administrative procedures required before the filing of his motions for release.

## DISCUSSION

I will first review the statutory and regulatory framework that governs motions under 18 U.S.C. § 3582(c)(1)(A). Then I will address how these factors apply to this case.

### *Statutory and regulatory framework*

Federal law allows a court to grant a "compassionate release" motion to reduce a federal prisoner's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Previously it was only the BOP that could file this kind of motion, but amidst widespread complaints about the failure of the BOP to file motions on prisoners' behalf, Congress amended the law with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), to allow prisoners the right to file their own motions for a sentence reduction if they first exhaust the statute's procedures for initially making a request to the warden to file a motion on their behalf. *See United States v. Hill*, 2020 WL 2542725, at *1 (D. Conn. 2020).

Provided that a prisoner has satisfied the statute's exhaustion requirement, section 3582(c)(1)(A) establishes several criteria for a court to consider when deciding whether to grant the motion for a sentence reduction. First of all, there has to be no less than "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[2] The statute does not further define this term but it instructs courts to consider whether a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Ibid.*

---

[2] As an alternative to the existence of such "extraordinary and compelling reasons," section 3582(c)(1)(A) allows for motions to be filed by the BOP on behalf of prisoners who are at least 70 years old and have served at least 30 years in prison. 18 U.S.C. § 3582(c)(1)(A)(ii). This alternative is not at issue in this case.

Congress has separately directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples," while also advising that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

In accordance with this instruction from Congress, the Sentencing Commission has issued a policy statement in the U.S. Sentencing Guidelines that sets forth criteria for what constitute "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13 cmt. n.1 (2018). The commentary provides, for example, that "extraordinary and compelling reasons" exist if the defendant "is suffering from a terminal illness" or if the defendant otherwise has a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Ibid.* cmt. n.1(A). The commentary further provides for a catch-all "Other Reasons" that "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Ibid.* cmt. n.1(D).

As numerous courts have recognized, the Sentencing Guidelines have not yet been revised to bring them into conformity with the First Step Act's authorization for defendants to bring their own motions after exhausting administrative procedures. Therefore, to the extent that the Guidelines commentary purports to vest authority solely with the BOP to make a determination of "Other Reasons," this delegation is no longer exclusive; courts also have independent authority to decide whether there are "Other Reasons" that amount to "extraordinary

3

and compelling reasons" to grant a motion for sentence reduction. *See Hill*, 2020 WL 2542725, at *1 (citing cases).

Beyond a court's determination as to whether there exists "extraordinary and compelling reasons" for a sentence reduction, a court must also "consider[] the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Therefore, a court must examine the same factors it did when it initially sentenced the defendant, including the nature and circumstances of the crime, the defendant's history and characteristics, and the multiple purposes of sentencing, such as providing just punishment, deterring crime, protecting the public from further crimes by the defendant, and providing the defendant with rehabilitation. *See* 18 U.S.C. § 3553(a). In addition, a court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

### *Factors applying to Antonio Gonzalez*

I first address whether Gonzalez has shown "extraordinary and compelling" reasons that could warrant a sentence reduction. There is no doubt that the COVID-19 pandemic is extraordinary, having killed more than one hundred thousand people in the United States in recent months. And it is clear that there have been dozens of infections at FCI Danbury, but the number of reported infections has decreased in recent weeks in light of the countermeasures being taken there. Although Gonzalez suffers from high blood pressure, he has done nothing to rebut the Government's argument that this condition does not make him especially vulnerable to contract COVID-19 or to suffer the worst of its complications. Doc. #1020 at 11-12. Gonzalez has not established that the threat to him from COVID-19 constitutes extraordinary and compelling reasons for his release.

I have also considered all of the sentencing factors under 18 U.S.C. § 3553. Gonzalez had a senior role in a large heroin trafficking organization headed by his brother, and he has yet to serve most of his prison sentence. Gonzalez has 11 criminal convictions including three convictions for drug trafficking. The purposes of sentencing—including just punishment and deterrence—would be ill-served by his early release. Even though Gonzalez has experienced counsel to file a motion on his behalf, neither Gonzalez's *pro se* motion nor Gonzalez's counsel's motion does anything to address the concerns raised by the Government about whether Gonzalez would resume drug trafficking if he were granted early release. Gonzalez's filings also do nothing to describe any kind of release plan. Gonzalez has not shown that the goals of sentencing would be met or that he would not pose a continuing danger to the community if released at this time.

## CONCLUSION

For the foregoing reasons, the motions of defendant Antonio Gonzalez for a reduction in sentence (Docs. #1018, #1029) are DENIED.

It is so ordered.

Dated at New Haven this 3d day of June 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge